**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY EUGENE LAWTON,

      Petitioner - Appellant,

v.

ROBERT PATTON, Director,

      Respondent - Appellee.

No. 16-6020
(D.C. No. 5:14-CV-01393-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

An Oklahoma jury convicted Larry Eugene Lawton on various drug charges as a habitual offender, resulting in a life sentence. The Oklahoma Court of Criminal Appeals upheld Mr. Lawton's conviction and sentence and the state trial court denied collateral relief — a denial Mr. Lawton did not choose to appeal. Mr. Lawton then filed a petition for relief under 28 U.S.C. § 2254, the district court denied it, and it is this result he now seeks to appeal.

Before he can appeal the denial of his § 2254 petition, however, Mr. Lawton must obtain a certificate of appealability (COA), which we may grant

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

only if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And to make this showing, Mr. Lawton must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Even construing Mr. Lawton's papers with the liberality due to pro se litigants, we do not see how we can grant him the relief he seeks. He pressed eleven claims before the district court, each of which that court carefully analyzed. On appeal, Mr. Lawton protests his innocence but does not engage with the district court's reasoning. Neither, after our own independent review, can we discern any grounds to doubt the correctness of its disposition.

Accordingly, Mr. Thompson's application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge